FILED
IN OPEN COURT

MAR – 5 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

QIN YONG JIN,                                )
                                             )
          Plaintiff,                         )
                                             )
     v.                                      )          Civ. No. 1:10-cv-1201
                                             )
ANY FLOORS, INC. & CHA CHOI,                 )
                                             )
          Defendants.                        )
                                             )

## MEMORANDUM OPINION

Plaintiff Qin Yong Jin ("Plaintiff" or "Jin") alleges that Defendant Any Floors, Inc. ("Any Floors") and Defendant Cha Choi ("Ms. Choi") wrongfully deprived him of wages under the Fair Labor Standards Act (FLSA) and Virginia common law. (Dkt. No. 1.) On September 13, 2011, the Court held a one-day bench trial on Plaintiff's claims. (Dkt. No. 32.) After the parties submitted post-trial briefs, the Court undertook to issue this memorandum opinion.

## FINDINGS OF FACT

The Court finds that the following facts have been established by a preponderance of the evidence.[1]

1.      Between June 2006 and May 2010, Defendant Any Floors, Inc. was a Virginia corporation in good standing. During that time, Any Floors was engaged in interstate commerce in Virginia, Maryland, and the District of Columbia. Any Floors is no longer in good standing and its registration with the Virginia State Corporation Commission has been terminated.

2.      Defendant Cha Choi owned Defendant Any Floors. Any Floors employed Ms. Choi's husband, James Choi ("Mr. Choi"), as a job foreman.

---

[1] The Court denied the parties' fully-briefed motions for summary judgment. (Dkt. Nos. 16, 19, 30.)

3.      Any Floors hired Plaintiff to work from June 10, 2006 to April 24, 2010.

4.      Plaintiff worked approximately 60 hours per week, usually six ten-hour days. He worked between the hours of 6 A.M. and 5 P.M., including some slack time, although depending on job requirements, he sometimes worked more or less.

5.      Mr. Choi, the foreman, promised to pay Plaintiff once every two weeks based on the number of days he worked. The wages were intended to cover all of the hours that Plaintiff worked each day.

6.      Any Floors provided Plaintiff with a van, which was registered in Ms. Choi's name. Any Floors also provided Plaintiff with equipment for his work on Any Floors jobs.

7.      Plaintiff was responsible for picking up other workers and transporting them to the job site using Any Floors' van. Plaintiff did not report to work at an office.

8.      At a 6 A.M. meeting at the job site, either Mr. Choi or another foreman would give instructions. Plaintiff and the other workers had no control over the job site. If Plaintiff or other workers did not stay on the job site to complete the day's work, they could have been fired. Plaintiff believed that if he did not do the work assigned to him, he would be fired.

9.      Plaintiff drove the Any Floors van home at night.

10.     Ms. Choi normally wrote Plaintiff's paychecks. Plaintiff was sometimes paid in cash, however, and sometimes Mr. Choi paid him out of pocket. Some weeks, Plaintiff was paid smaller amounts or not at all because work was slow.

11.     Any Floors, through Ms. Choi and Mr. Choi, purposefully failed to pay wages to Plaintiff for every day he worked.

12.     Plaintiff kept contemporaneous records of wages owed by Any Floors because his wages were often delayed, and Plaintiff wanted to be sure that he was paid the correct amounts.

Plaintiff did not keep written records of how many hours he worked each day. The tables contained in Plaintiff's Exhibit 2 accurately describe these unpaid daily wages, as calculated on a two-week settlement period.

13.     Plaintiff asked Mr. Choi to pay him the outstanding wages at one point. Mr. Choi agreed that Any Floors owed Plaintiff wages, but only in an amount between $6,000 and $7,000. Mr. Choi has not paid Plaintiff any of the claimed unpaid wages.

14.     Any Floors never paid Plaintiff more than his wages, nor was Plaintiff a profit or loss participant with Any Floors.

15.     Plaintiff continued working without overtime pay because he was unaware that the law might require Any Floors to pay him additional compensation.

16.     For the period before October 22, 2008, Any Floors failed to pay Plaintiff regular wages in the amount of $10,050.00 and overtime wages in the amount of $15,795.00.

17.     For the period between October 22, 2008 and the filing of this lawsuit, Any Floors failed to pay Plaintiff regular wages in the amount of $27,350.00 and overtime wages in the amount of $33,255.00.

## DISCUSSION

### A.   Fair Labor Standards Act

The FLSA requires employers[2] to pay both a minimum wage and overtime compensation to employees who work longer than forty hours in a single workweek. *See* 29 U.S.C. §§ 206, 207(a). Overtime compensation must be at least 150 percent of the "regular rate," that is, all

---

[2] The FLSA extends to employees of an "enterprise engaged in commerce" and to employees traveling in interstate commerce. 29 U.S.C. §§ 206(a), 207(a)(1). An enterprise is engaged in commerce if it has non-family employees, does business of at least $500,000 per year and has some significant nexus with interstate commerce. *See* 29 U.S.C. §§ 203(s)(1)(A), (2). There was uncontradicted testimony at trial that Any Floors was engaged in interstate commerce in Virginia, Maryland, and the District of Columbia, and that Any Floors did business of at least $500,000 per year. As explained *infra*, Any Floors had non-family employees, including Plaintiff.

remuneration for employment paid to, or on behalf of, the employee. *See* 29 U.S.C. § 207(e).

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Whether an individual is an "employee" is a question of law, and the FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Schultz v. Capital Int'l Sec., Inc.,* 466 F.3d 298, 304 (4th Cir. 2006) (quoting *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g))). In considering the relationship between Plaintiff and Defendants, "[t]he focal point is whether the worker "is economically dependent on the business to which he renders service or is, as a matter of economic reality, in business for himself." *Id.* (brackets omitted). The Fourth Circuit uses a six-factor test to determine whether a particular individual is an employee or an independent contractor.

> The factors are (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

*Schultz,* 466 F.3d at 304–05.

It is clear that Plaintiff was an employee. The workers had no control over where, when, or how they would work, and relied entirely on Mr. Choi or the job foreman for direction. The workers believed that they would be fired if they did not do what they were told. Moreover, Plaintiff would have been fired had he left the job site before finishing each job, even if he had worked overtime. Nor did Plaintiff stand to gain from the skill exercised in carrying out each job; his agreement with Any Floors required him to be paid a daily wage. Plaintiff was not an investor in Any Floors and had no financial stake in its operations. Plaintiff employed no one to help with his work. He was responsible for driving his co-workers home because most of them

4

did not have drivers' licenses. Although Mr. Choi testified that it is customary in the industry for a company to own tools and vehicles for use by independent contractors, Plaintiff also took the van home at night. Plaintiff was not free to work for other companies and his continued work for Any Floors, even after multiple missed payments, indicates that he reasonably believed he could not leave without finding another full-time position.

The next question is whether Defendant Ms. Choi can be personally liable for damages assessed against Any Floors. As a "person acting directly or indirectly in the interest of an employer in relation to an employee," Ms. Choi was squarely within the FLSA's broad definition of "employer." *See* 29 U.S.C. § 203(d); *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839, 844-45 (11th Cir. 2009). Defendant argues that Ms. Choi did not exercise a level of corporate control sufficient to justify personal liability, pointing to her testimony that she had limited knowledge of the company's business and only the responsibility of signing checks. Yet Ms. Choi's check-signing—or rather her failure to sign checks—was essential to causing Plaintiff's damage. Although Ms. Choi shared some responsibility to pay Plaintiff his wages with Mr. Choi, Mr. Choi's role in paying Plaintiff's wages was the exception, not the rule. Paying Plaintiff's wages was squarely within Ms. Choi's personal work responsibilities. Consequently, the omissions underlying Plaintiff's FLSA claim would have been largely the personal omissions of Ms. Choi, who directly benefited from her failure to pay Plaintiff as owner of Any Floors. She stood on both sides of the corporate veil. Therefore she may be held personally liable for the FLSA violations.

Finally, the Court must determine whether the two- or three-year statute of limitations applies. Under the FLSA, suit must be filed must be brought within two years of the cause of action's accrual, or within three years if the violation was willful. 29 U.S.C. § 255(a). A FLSA

cause of action accrues each time a paycheck is issued or should have been issued. This case was filed on October 22, 2010. (Dkt. No. 1.) Plaintiff showed that he was not paid overtime due as early as January 13, 2008. Therefore, if Defendants willfully violated FLSA, they will be liable for damages accrued on or after October 22, 2007. If not, they will only be liable for damages accrued on or after October 22, 2008.

A violation is "willful" if it is "voluntary", "deliberate", and "intentional." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). An employer acts willfully when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* Conduct that is merely unreasonable or negligent is not willful. *Id.* The evidence demonstrates that Defendants voluntarily failed to pay Plaintiff. Plaintiff worked for Any Floors for almost four years, from 2006 to 2010. There is no indication that Defendants were unaware that they owed Plaintiff overtime pay, and every indication that they were aware of it. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1319-20 (11th Cir. 2007) (citing *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 828 (5th Cir.1973)). Defendants were sophisticated enough to avail themselves of the benefits of the corporate form; they were at the very least constructively aware of their obligations under the FLSA and the corresponding regulations. Because Defendants willfully deprived Plaintiff of his overtime pay, the Court will apply the three-year statute of limitations. 29 U.S.C. § 255(a).

### B.   Virginia common law

Plaintiff also claims that Defendants breached an oral contract of employment.[3] Defendants do not contest that Plaintiff would have been due monies for each completed job. There is no dispute that Plaintiff and Any Floors contracted orally, whether on a per-job basis or

---

[3] The Court need not discuss Plaintiff's quantum meruit claim as it relates to overtime because the damages are coextensive with those available under the FLSA.

for employment, for work performed by Plaintiff. In any event, the Court credits the Plaintiff's testimony that he entered into an oral employment agreement with Defendants and finds that the agreement constituted a contract under Virginia law. The statute of limitations for an action arising out of such an oral contract is three years. VA. CODE. § 8.01-246(4). The owner of a defunct corporation may be held personally liable if the terminated corporation has continued to operate. VA. CODE. § 13.1-755; *McLean Bank v. Nelson*, 350 S.E.2d 651 (Va. 1986). Ms. Choi may be personally liable for the unpaid wages owed by Any Floors dating back to January 2008.

As noted *supra*, Defendant failed to compensate Plaintiff for jobs that he worked. Plaintiff testified that he spoke with Mr. Choi about back wages, and Mr. Choi acknowledged in his own testimony that he owed Plaintiff some amount of compensation. Therefore Defendants are liable for breach of contract for wages owed to Plaintiff. The Court finds Mr. Choi's testimony about the amount owed not credible and credits Plaintiff's testimony regarding the amounts owed, as described in Plaintiff's Exhibit 2.

### C.  Damages

### 1.  Unpaid wages

The documentation of unpaid wage damages is based largely on oral testimony by Plaintiff and his self-generated documents. Nonetheless, Defendant's argument that Plaintiff's damages are speculative must fail. Plaintiff credibly testified that Any Floors employees worked six days a week. Plaintiff introduced meticulous documentation showing particular dates on which he had not been paid. Plaintiff's records are the only records introduced in this case, and they show specific days for which Plaintiff was never paid, as well as specific weeks for which Plaintiff was not paid, presumably because there was less work in those weeks.[4] Any Floors, by

---

[4] The Court infers from Plaintiff's testimony that he did not count days on which he did not work as unpaid days.

contrast, introduced no contrary documentation. And no wonder: according to Mr. Choi, all of Any Floors' records disappeared after a mysterious computer virus caused the company's record-keeping system to conveniently crash in October 2010, around the time this lawsuit was filed.

Mr. Choi conceded at trial that Any Floors owed Plaintiff back wages, although he disputed the amount owed. Even if the Court credited Defendants' testimony on the amount owed, which it does not, Plaintiff's documentary evidence is far more concrete and specific than anything proffered by Defendants. The Court therefore concludes that the Plaintiff has shown with reasonable certainty the dates for which he did not receive payments. Based on the Court's calculations, Defendants deprived Plaintiff of $37,400.00 in wages.

## 2.    Overtime

Although the Plaintiff in a FLSA case has the burden of showing that he performed work for which he was paid, the employer has a duty to keep accurate records. 29 U.S.C. § 211(c); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946) (superseded by statute on other grounds). An employee has carried his burden of proving FLSA damages if he shows:

> . . . that he has performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 687-88. The plaintiff need not "prove each hour of overtime work with unerring accuracy or certainty" so long as the Court's inference of the amount of damages is just and reasonable. *See Pforr v. Food Lion, Inc.,* 851 F.2d 106, 108 (4th Cir. 1988).

Plaintiff has proven with reasonable certainty that he worked 12 overtime hours on a

regular week between January 2008 and April 2010. Although the Court does not credit Plaintiff's testimony that he worked 12 hours every day, it is nonetheless plausible, given the type of work that he was doing, that he regularly worked 10 hours per day, including driving to pick up co-workers. The overtime pay Defendants should have paid to Plaintiff is $49,050.00.

Although both sides introduced evidence that Plaintiff sometimes worked more or less, neither can point to specific evidence of variations—upwards or downwards—from the typical workweek. Apart from these regular 10-hour workdays, Plaintiff could not specify on which dates he worked extra overtime, or how many hours. Any damages awarded for these dates would be speculative. Accordingly, the Court finds that Plaintiff is not entitled to additional overtime.

3.     **Liquidated damages**

The Court may, in its sound discretion, order an award of liquidated damages in "an additional equal amount" unless the Defendants sufficiently prove that the act or omission giving rise to such action was in good faith and that they had reasonable grounds for believing that their failure to pay Plaintiff was not a violation of the FLSA. 29 U.S.C. §§ 216(b), 260; *Fowler v. Land Mgmt. Groupe, Inc.*, 978 F.2d 158, 163 (4th Cir. 1992). Although Defendants introduced no credible evidence indicating that they failed to pay Plaintiff in good faith, the Court nevertheless believes that liquidated damages are improper here. The evidence of willfulness is uncontradicted but relatively weak, and there is some possibility (although not a preponderance of evidence), that Defendant Choi could have simply miscommunicated with Mr. Choi regarding the dates when Plaintiff was to be paid. Accordingly, Plaintiff's request for liquidated damages is denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants are jointly and severally liable under the FLSA for damages in the following amounts: $37,400.00 in unpaid wages, $49,050.00 in overtime pay, for total damages of $86,450.00. An appropriate Order shall issue.

Alexandria, Virginia
March ⎽⎽, 2012

/s/ ⎽⎽⎽⎽⎽
Liam O'Grady
United States District Judge